UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-CR-00293-MOC-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TIMOTHY ANTHONY MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's "Motion Requesting to be Heard on the Merits for Government[']s Failure to Respond to Requested Relief under the First Step Act of 2018" (#35). That motion relates to defendant's earlier "Motion Filed Pursuant to Title 18 U.S.C. § 3582(c)(2) in Light of the Fair Sentencing Act and Amendment 782 and/or The First Step Act of 2018" (#34).

Taking the earlier, substantive motion first, defendant contends in that pleading that this Court erred in sentencing him on or about March 27, 2018, when it imposed a sentence of 108 months imprisonment and five years of supervised release based on his conviction. That conviction was based on a Plea Agreement to a Section 841 & 846 conspiracy to distribute and to possess with intent to distribute crack cocaine. He contends that his advisory guidelines range should have been 41 to 51 months based on his conclusion that "it takes at least 280 grams of cocaine base to impose a sentence pursuant to the language of 21 U.S.C. § 841(b)(1)(A)," and that he had only 28 grams of cocaine base in his possession. He argues that he should have been sentenced under Section 841(b)(1)(C) based on that lower amount of substance. Review of the

docket reveals that defendant did not appeal the conviction or sentence and that the Judgment has now become final.

Defendant seeks relief under 18 U.S.C. § 3582(c)(2) and asserts that relief is appropriate under either the Fair Sentencing Act, as expressed in Sentencing Guideline Amendment 782, or under the recently enacted First Step Act, or both. For the reasons that follow, defendant is entitled to no relief.

Amendment 782 was in effect at the time of defendant's sentencing and was actually applied, making no further relief available under Section 3582(c)(2). The Revised Presentence Report provided that the 2016 Guidelines Manual was applied, PSR (#21) at ¶ 17, which fully incorporated the reductions afforded under Amendment 782. The PSR went on to assign a base offense level of 30, referencing

> that Moore had more than $17,500 in crack cocaine proceeds. At $30,000 per kilogram, Moore had the equivalent of 583 grams of crack cocaine, plus the 18.8 grams of crack cocaine seized, and the 34.3 grams of cocaine that were seized which he planned to convert into crack cocaine.

Id. at ¶ 12. Further, defendant *stipulated* in the Plea Agreement that the applicable "amount of cocaine base ("crack cocaine") and crack cocaine equivalent that was known or reasonably foreseeable by the Defendant was at least 280 grams but less than 840 grams, resulting in a base offense level of 30." Plea Agreement (#4) at 2; PSR (#21) at ¶ 18. Thus, there is no basis for relief under Section 3582(c)(2) as this Court applied the 2016 Guidelines Manual at the time of defendant's sentencing in 2018. Dillon v. United States, 560 U.S. 817, 827 (2010).

As to the request for relief under the First Step Act, that law, as relevant here, makes the Fair Sentencing Act's crack reductions retroactive to sentencing that of occurred prior to the Fair Sentencing Act's 2010 enactment. That retroactivity has, however, no application to defendant as

defendant was sentenced in 2018 and has already had the benefit of the 2010 law and Amendment 782, as they were fully incorporated into the 2016 Guidelines Manual.

As to the First Step Act's reductions of *enhanced* penalties under Section 841(b)(1)(A), those enhanced penalties (reducing the 20-year mandatory for those with one prior conviction and reducing the mandatory life sentence for those with two prior convictions) were not in play in defendant's sentencing as he faced a mandatory minimum of 10 years. The 10-year mandatory is not an enhanced minimum, but the minimum sentence required under Section 841(a)(1) based on the *quantity* of the controlled substance, not prior convictions. Thus, the First Step Act is also inapplicable as asserted in the instant motion.[1]

\*\*\*

One final assertion deserves mention as this Court is concerned with both sentencing fairness and maintaining an accurate record. As mentioned above, defendant's offense of conviction carried with it a mandatory minimum sentence of 10-years imprisonment based on the amount of controlled substance, which would have been a 120-month sentence. He contends, however, that he "received 108 months of imprisonment because he had less than 280 grams of cocaine base." Motion (#34) at 2. This is a patently incorrect statement as the below-guidelines sentence was not based on a finding that the amount was less than 280 grams but was based entirely on a government motion for a downward departure unrelated to drug quantity. See Statement of Reasons (#30) at 2.

---

[1] The Court has addressed only those aspects of the First Step Act asserted in the motion or that could be based on a fair reading of the motion. The Court has not addressed other provisions of the Act which are patently inapplicable, such as relief available for qualified elderly inmates. Further, resolution of this FSA motion is not intended to impair the ability of the Federal Defender, who is undertaking a systematic review of all relevant convictions in this district, to file any motion.

Finally, having determined that defendant is not entitled to relief under either provision, the Court will summarily deny the second Motion (#35) as moot as no response was necessary for this Court to dispose of this motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's "Motion Requesting to be Heard on the Merits for Government[']s Failure to Respond to Requested Relief under the First Step Act of 2018" (#35) and "Motion Filed Pursuant to Title 18 U.S.C. § 3582(c)(2) in Light of the Fair Sentencing At and Amendment 782 and/or The First Step Act of 2018" (#34) are **DENIED**.

The Clerk of Court is instructed to send courtesy copies of this Order to AFD Josh Carpenter and AUSA Amy Ray.

Signed: February 28, 2019

Max O. Cogburn Jr.
United States District Judge